UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LISA SIGETICH,

    Plaintiff,

vs

THE KROGER CO., et al.,

    Defendants.

Case No. 1:21-cv-697

Black, J.
Bowman, M.J.

**ORDER**

In this civil action, Plaintiff asserts that Kroger breached its fiduciary duties of prudence and loyalty under ERISA, 29 U.S.C. § 1104(a)(1)(A)–(B). (Doc. 1). Plaintiff seeks to pursue her claims on a class-wide basis on behalf of more than 90,000 participants. Id. ¶¶ 129-30. This matter is now before the Court on Defendants' motion to dismiss the original complaint (Docs. 22, 24).[1] Also before the Court are motions for leave to file a brief as amicus curiae in support of Defendants' motions[2] to dismiss by the Chamber of Commerce of the United States of America ("Chamber"). (Docs. 27, 41). The motions will be address in turn.

    A. *Motion to Dismiss* (Docs. 22, 24).

After Plaintiff initiated this action, Defendants filed a motion to dismiss Plaintiff's complaint for lack of jurisdiction and failure to state a claim upon which relief may be granted. (Doc. 22, 24). In response to Defendants' motion, Plaintiff filed an amended complaint on March 11, 2022. (Doc. 32). In light of the filing of the amended complaint,

---

[1] The motion to dismiss has two docket numbers because the original motion (Doc. 22) was refiled as a separate entry (Doc. 24) to correct a formatting requirement of this court. See Local Rule 5.1(c).

[2] Defendants filed a supplemental motion to dismiss directed at Plaintiff's amended complaint. (Doc. 40). That motion will be addressed at a later date in a separate Report and Recommendation.

Defendants' motion to dismiss is now moot.

Notably, "[t]he general rule is that an amended pleading supersedes the original and remains in effect, unless again modified, from that point forward." *Greater Cincinnati Coalition for Homeless v. City of Cincinnati*, No., 1:08-cv-603, 2009 WL 3029661, at *3 (S.D. Ohio Sept. 16, 2009) (quoting 6 Wright, Federal Practice & Procedure § 1476, at 556-57 (2nd ed. 1990 & Supp. 2001)). Once an amended pleading is filed, the original pleading no longer performs any function in the case. *Hartman v. Register*, No. 1:06-cv-33, 2007 WL 915193, at *5 (S.D. Ohio Mar. 26, 2007). Any subsequent motion filed by the opposing party should be directed at the amended pleading. *Id.*

As such, the filing of an amended complaint generally moots a pending motion to dismiss. *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002). *See also Hartman,* 2007 WL 915193, at *6 (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the subsequent filing of a second amended complaint)); *Pethtel v. Washington County Sheriff's Office*, No. 2:06-799, 2007 WL 2359765, at *5 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint"); *Hibbets v. Lexington Ins. Co.*, No. 07-5169, 2008 WL 373608, at *1 (E.D. La. Feb. 7, 2008) ("even though a district court is permitted to consider a motion to dismiss even after an amended complaint has been filed, it is not required to do so, especially given that the Defendant does not object to the filing of the amended complaint.").

In the instant case, the amended complaint is not "substantially identical" to the original complaint because it specifically addresses the issues raised in Defendants'

2

motion to dismiss and adds new factual allegations. Based on the foregoing, Defendants' motion to dismiss the original complaint (Docs. 22, 24) is herein **DENIED as MOOT**.

### B. Motions for Leave to File and Amicus Brief

The Chamber of Commerce of the United States of America ("Chamber") filed a motion to for leave to file a brief as amicus curiae in support of Defendants' motion to dismiss. (Doc. 27). The Chamber filed a second motion for leave to file an amicus brief after Plaintiff filed an amended complaint. Defendants' do not oppose the motion. However, Plaintiff has filed a memorandum in opposition to the Chamber's motion. (See Doc. 43). For the same reasons that Defendants' first motion to dismiss is denied as moot so too is the Chamber's first motion.

Amicus participation is appropriate where amicus has "an important interest and a valuable perspective on the issues presented." *United States v. Columbus*, 99-1097, 2000 WL 1745293, at *1 (S.D. Ohio Nov. 20, 2000) (quoting *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)). "[T]here is no governing standard" dictating "the procedure for obtaining leave to file an amicus brief in the district court," and district courts thus "have broad discretion" to assess whether amicus participation will be "of aid to the court and offer insights not available from the parties." *Auto. Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, No. 11 Civ. 6746(RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).

The Chamber argues that since ERISA was enacted, the Chamber has played an active role in the law's development and administration. The Chamber regularly submits comment letters when the Department of Labor (DOL) engages in notice-and-comment rulemaking, provides information to the Pension Benefit Guaranty Corporation (PBGC) to support PBGC in its efforts to protect retirement incomes, submits comments to the

Department of the Treasury on plan administration and qualification, and provides testimony to DOL's standing ERISA Advisory Council. The Chamber has also published literature proposing initiatives to encourage and bolster the employment-based retirement benefits system in the United States, and is frequently quoted as a resource on retirement policy. Given its perspective and deep understanding of the issues involved in these cases, the Chamber regularly participates as amicus curiae in cases involving employee-benefit design or administration. *See, e.g., Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022) (standard for pleading fiduciary-breach claim involving challenges to defined-contribution plan line-ups and service-provider arrangements); *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014) (standard for pleading fiduciary-breach claim involving employer stock).

In light of the foregoing, the Chamber contends that the proposed amicus brief provides context regarding the recent surge in ERISA litigation, describes similarities among these cases that help to shed light on Plaintiff's allegations here, and provides context for how to evaluate these types of allegations in light of the pleading standard set forth by the Supreme Court in *Twombly* and *Iqbal*. Given the extensive collective experience of the Chamber's members in both retirement-plan management and ERISA litigation, the Chamber offers a distinct vantage point that it believes will be of value to the Court as it considers Plaintiff's complaint and whether it surpasses the plausibility threshold.

Plaintiff opposes the motion, asserting *inter alia*, that the Chamber's motion is premature because such a brief is normally reserved for appellate matters involving important questions of law that may affect the interests of a much broader segment of the

4

population than the interests of the parties to a single case. *See Miller-Wohl Co. v. Comm'r of Labor & Indus., State of Montana,* 694 F.2d 203, 204 (6th Cir.1982) (amicus briefs "provide impartial information on matters of law about which there [is] doubt, especially in matters where there is public interest."). Plaintiff further contends that the Chamber's proposed amicus brief, largely raises generic arguments that are not closely tailored to the Amended Complaint, involving pleading standards for ERISA breach of fiduciary cases, and discussing the policy implications of those standards. It also duplicates arguments already raised by Defendants in their motion to dismiss. Plaintiff's contentions are not well-taken.

As noted above, leave to participate as amicus curiae is a "privilege within the sound discretion of the courts." *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991) (internal quotation marks and citation omitted). Courts considering whether to accept the submission of an amicus curiae brief consider whether the information offered by the amicus "is timely, useful, or otherwise necessary to the administration of justice." Id. Granting leave to appear as an amicus is appropriate when a party has "an important interest and a valuable perspective on the issues presented." *Bd. of Educ. of the Highland Loc. Sch. Dist. v. United States Dep't of Educ.*, No. 2:16-CV-524, 2016 WL 4269080, at *6 (S.D. Ohio Aug. 15, 2016); quoting *United States v. City of Columbus*, No. 2:99-cv-1097, 2000 WL 1745293, at *1 (S.D. Ohio Nov. 20, 2000) (quotation marks and citations omitted).

Upon careful review, the undersigned finds that given the Chamber's experience with both retirement plan management and ERISA litigation, the Chamber can offer a valuable perspective on the issues presented in this matter. Accordingly, the Chamber's

5

second motion for leave to file an Amicus Brief (Doc. 41) is well-taken.

In sum, it is therefore **ORDERED** that Defendants' motions to dismiss (Docs. 22, 24) and the Chamber's initial motion for leave to file an amicus brief (Doc. 27) are **DENIED as MOOT**.  It is further **ORDERED** that the Chamber's second motion for leave to file an amicus brief (Doc. 41) is **GRANTED,** and the brief (See Doc. 41, Ex. 1) is herein **ACCEPTED as FILED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge